UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LORA ANN BRAND,<br><br>    Plaintiff(s),<br><br>v.<br><br>KILOLO KIJAKAZI,<br><br>    Defendant(s). | Case No. 2:20-cv-02219-NJK<br><br>**ORDER**<br><br>[Docket Nos. 22, 23] |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Titles II and XVI of the Social Security Act. Currently before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 22. The Commissioner filed a response in opposition and a cross-motion to affirm. Docket Nos. 23-24. Plaintiff filed a reply. Docket No. 25. The parties also filed supplemental briefing. Docket Nos. 30, 31.

The parties consent to resolution of this matter by the undersigned magistrate judge. *See* Docket No. 3; *see also Gen. Order* 2019-08.

**I.  BACKGROUND**

    A.    <u>PROCEDURAL HISTORY</u>

On January 6, 2017, Plaintiff filed applications for disability insurance benefits and supplemental security income with an onset date of January 1, 2013. *See, e.g.*, Administrative Record ("A.R.") 228-44. On August 2, 2017, Plaintiff's claims were denied initially. A.R. 139-58. On April 24, 2018, Plaintiff's claims were denied on reconsideration. A.R. 161-74. On June 23, 2018, Plaintiff filed a request for a hearing before an administrative law judge. A.R. 175. On February 7, 2020, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ John Cusker. *See* A.R. 41-73. On June 11, 2020, the ALJ issued an

1

unfavorable decision finding that Plaintiff had not been under a disability through the date of the decision. A.R. 12-27. On October 20, 2020, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1-6.

On December 8, 2020, Plaintiff commenced this action for judicial review. Docket No. 1.

B.     THE DECISION BELOW

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. A.R. 15-22. At step one, the ALJ found that Plaintiff met the insured status requirements through March 31, 2017, and has not engaged in substantial gainful activity since the alleged onset date. A.R. 17. At step two, the ALJ found that Plaintiff has the following severe impairments: cervical degenerative disc disease and radiculopathy; mild degenerative joint disease involving both hands; hypertension; and Wolf-Parkinson-White (WPW) syndrome. A.R. 17-18. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 18. The ALJ found that Plaintiff has the residual functional capacity to

> perform light work as defined by 20 CFR 404.1567(b) and 416.967(b): She can lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk with normal breaks for about 6 hours in an 8-hour workday. She can sit with normal breaks for about 6 hours in an 8-hour workday. She can frequently push and pull hand controls with both upper extremities. She can occasionally climb ramps and/or stairs. She cannot climb ladders, ropes and/or scaffolds. She can frequently stoop, kneel and crouch. She can occasionally crawl. She can occasionally reach overhead. [She] [c]an frequently perform find [sic] and gross manipulation (handling and fingering). She must avoid concentrated exposure to extreme cold and heat, and hazards.

A.R. 18-21. At step four, the ALJ found Plaintiff is capable of performing past relevant work as a sales agent and office manager. A.R. 21. Based on all of these findings, the ALJ found Plaintiff not disabled through the date of the decision. A.R. 22.

**II.    MERITS ARGUMENT**

This case involves two overarching issues: (1) whether remand is required in light of constitutional concerns regarding the tenure of former Commissioner Andrew Saul and (2)

whether the ALJ erred by denying benefits without substantial evidence. The Court will address the latter merits contention first. *Cf. United States v. Raines*, 362 U.S. 17, 22 (1960) (addressing preference against "unnecessary pronouncements on constitutional issues").

A.  STANDARDS

The standard for determining disability is whether a social security claimant has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(3)(A). That determination is made by following a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). The first step addresses whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] The second step addresses whether the claimant has a medically determinable impairment that is severe or a combination of impairments that significantly limits basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). The third step addresses whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. There is then a determination of the claimant's residual functional capacity, which assesses the claimant's ability to do physical and mental work-related activities. 20 C.F.R. §§ 404.1520(e), 416.920(e). The fourth step addresses whether the claimant has the residual functional capacity to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The fifth step addresses whether the claimant is able to do other work considering the residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g).

After exhausting the administrative process, a claimant may seek judicial review of a decision denying social security benefits. 42 U.S.C. § 405(g). The Court must uphold a decision denying benefits if the proper legal standard was applied and there is substantial evidence in the

---

[1] The five-step process is largely the same for both Title II and Title XVI claims. For a Title II claim, however, a claimant must also meet insurance requirements. 20 C.F.R. § 404.130.

record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, ___ U.S. ___, 139 S.Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.*

B.  ANALYSIS

Plaintiff argues that the ALJ's decision is not based on substantial evidence because it relies on the opinions of two medical consultants that predate an MRI, as well as EMG and NCV studies. Docket No. 22 at 10-12. The Commissioner counters that it is not error to rely on state agency consultants despite the lapse of time before an ALJ renders a decision, particularly when any evidence arising in the interim is not inconsistent. Docket No. 23 at 17-19. The Commissioner has the better argument.

It is well settled that the opinions of non-examining physicians may serve as substantial evidence when those opinions are consistent with independent clinical findings or other evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). That the non-examining physician did not review the entire record, including evidence that was not in existence at the time of rendering the opinion, does not automatically disqualify the opinion from constituting substantial evidence. *Maliha K. v. Saul*, No. 8:19-cv-00877-MAA, 2020 WL 2113671, at *6 (C.D. Cal. May 4, 2020); *see also Meyer v. Comm'r of Soc. Sec. Admin.*, No. CV-20-00802-PHX-DJH, 2021 WL 2801775, at *5 (D. Ariz. July 6, 2021) ("To begin, it is not legal error to give greater weight to the opinion of a physician who did not review the entire record"). Such a rule could not exist as a practical matter given that there "is always some time lapse between a consultant's report and the ALJ hearing and decision, and the Social Security regulations impose no limit on such a gap in time." *Meadows v. Saul*, 807 Fed. Appx. 643, 647 (9th Cir. 2020); *accord Garner v. Saul*, 805 Fed. Appx. 455, 458 (9th Cir. 2020); *Jennings v. Saul*, 804 Fed. Appx. 458, 462 (9th Cir. 2020).

While there may be no outright prohibition on an ALJ relying on outdated medical opinions, the Ninth Circuit has at times looked with skepticism on an ALJ's reliance on stale

4

medical opinions that do not reflect subsequent deterioration of a claimant's condition. For example, the Ninth Circuit has held that an ALJ erred in relying on opinions that did not account for a later evaluation showing the claimant's foot condition was progressively deteriorating. *See Stone v. Heckler*, 761 F.2d 530, 532 (9th Cir. 1985); *see also Leslie v. Astrue*, 318 Fed. Appx. 591, 592 (9th Cir. 2009) (holding that an ALJ erred in relying on opinions that did not account for more recent suicide attempt); *Encinas v. Saul*, No. 1:19-cv-00470-GSA, 2021 WL 1022773, at *5-8 (E.D. Cal. Mar. 17, 2021) (collecting and summarizing additional cases).

While the above cases establish some general parameters on the issue, the Ninth Circuit has not issued a published decision establishing the standard by which lower courts can determine whether the existence of subsequent evidence renders an ALJ's reliance on an earlier opinion erroneous.[2] Persuasive authority provides helpful guidance. First, courts have made clear that the subsequent evidence must be contradictory—or at least inconsistent—with the earlier opinion in some material manner. *See, e.g.*, *Garner v. Saul*, 805 Fed. Appx. at 458 (rejecting argument of error when the claimant identified "no subsequently obtained evidence that contradicts the experts' opinions"); *Digiacomo v. Saul*, No. 1:19-cv-00494-BAM, 2020 WL 6318207, at *8 (E.D. Cal. Oct. 28, 2020) (finding no error when the Plaintiff had not identified subsequent records that were "materially inconsistent" with the opinions relied upon). Second, courts have made clear that the claimant must show that the subsequent evidence "would have likely changed the State Agency assessments or the ALJ's decision." *Rudy P.A. v. Kijakazi*, No. CV 20-00986-RAO, 2021 WL 3568204, at *4 (C.D. Cal. Aug. 12, 2021).[3] Hence, it is not error for an ALJ to rely on medical opinions that do not account for later evidence when the ALJ reviews the entire record and reaches a conclusion consistent with the record as a whole. *See, e.g.*, *Sportsman v. Colvin*, 637 Fed. Appx. 992, 995 (9th Cir. 2016); *Rudy P.A.*, 2021 WL 3568204, at *4; *Digiacomo*, 2020 WL 6318207, at

---

[2] As discussed herein, there are statements in unpublished Ninth Circuit opinions that provide some guidance, but the Ninth Circuit has cautioned lower courts not to rely heavily on such memorandum dispositions particularly as to issues of law. *See, e.g.*, *Grimm v. City of Portland*, 971 F.3d 1060, 1067 (9th Cir. 2020) ("a nonprecedential disposition is not appropriately used . . . as the pivotal basis for a legal ruling by a district court").

[3] This showing dovetails with the requirement that only harmful errors suffice to obtain relief on appeal. *See id.*

5

\*8; *Smith v. Saul*, No. 1:19-cv-01085-SKO, 2020 WL 6305830, at \*9 (E.D. Cal. Oct. 28, 2020). The claimant bears the burden of establishing on appeal that an ALJ erred by relying on an opinion that does not account for subsequent evidence. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Plaintiff has not shown that she is entitled to a remand on the basis of evidence not reviewed by the state agency consultants. Plaintiff faults the ALJ for giving weight to the state agency opinions of Dr. Arnow and Dr. Jone rendered on August 1, 2017 and April 23, 2018, respectively. *See* Docket No. 22 at 10. Plaintiff contends that such weight was improperly placed on these opinions because they did not—and could not—account for an MRI from August 2018, as well as EMG and NCV studies from December 2018 and January 2019. *See id.* at 10-11.[4]

With respect to this MRI, Plaintiff notes that it showed moderate to marked degenerative changes, a mild to moderate bulge at C4-5, mild narrowing at C4-5, a mild to moderate bulge at C5-6, and moderate narrowing at C5-6. *See* Docket No. 22 at 10-11 (discussing A.R. 868-69). Plaintiff has not explained in meaningful fashion why those findings are materially inconsistent with the medical opinions relied upon. Indeed, the ALJ expressly recognized another MRI showing "multilevel advanced degenerative disc disease, which contributed to mild-to-moderate foraminal stenosis, most impressive on the left side of C5-6." A.R. 20; *see also* A.R. 615. Hence, it would appear that the evidence on which Plaintiff now relies represents a relatively minor change in Plaintiff's condition. Plaintiff has not sufficiently shown that there is any significant likelihood that the evidence on which she now relies would have changed the opinions at issue or the ALJ's decision. Other courts have found later evidence reflecting minor changes does not form a basis to reverse an ALJ's decision to rely on state agency opinions. *See, e.g.*, *Smith*, 2020 WL 6305830, at \*9. The Court reaches the same result here.

With respect to the EMG and NCV studies, the ALJ explicitly addressed those studies multiple times. *See* A.R. 20 (noting that the EMG/NVC testing "showed bilateral radiculopathy"); *see also* A.R. 15, 18. Moreover, the ALJ found that the state agency opinions were supported by the record. A.R. 21. When the ALJ reviews the entire record and reaches a conclusion consistent

---

[4] This MRI result is found at Exhibit 15F, pages 44-45. *See* A.R. 868-69. The EMG and NCV studies are found at Exhibit 18F, pages 1-11. *See* A.R. 919-29.

6

with the record as a whole, other courts have concluded that an ALJ did not err in relying on state agency assessments that pre-date the existence of later evidence. *See, e.g., Rudy P.A.*, 2021 WL 3568204, at *4. The Court reaches the same conclusion here.

Accordingly, Plaintiff is not entitled to a remand based on her merits-based argument.

## III.     CONSTITUTIONAL ARGUMENT

Having determined that remand is not warranted based on the merits-based argument presented, the Court turns to Plaintiff's constitutional challenge.[5] Plaintiff argues that she is entitled to relief on appeal because the tenure of the Commissioner of Social Security heading the agency at the time of her denial of benefits was unconstitutional in that he could not be removed by the President without cause. Docket No. 22 at 6-9.[6] The Commissioner counters that, regardless of whether the tenure of the previous Commissioner was unconstitutional, Plaintiff has not established a sufficient nexus between the constitutional infirmity and her denial of benefits to warrant relief. Docket No. 23 at 9-11.[7] The Court agrees with the Commissioner.

---

[5] The Court notes at the outset a procedural defect in that Plaintiff did not plead a constitutional violation in her complaint filed with this Court. *See* Docket No. 1-1. Pursuant to the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Montoya v. Colvin*, No. 2:16-cv-00454-RFB-NJK, 2016 WL 890922, at *1-3 (D. Nev. Mar. 8, 2016) (applying Rule 8 in the Social Security context). Moreover, that an unpled claim is later presented through argument in substantive briefing is insufficient to preserve the claim. *See Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008). Hence, it appears Plaintiff waived her constitutional argument by not pleading it. *See, e.g., John R. v. Comm'r of Soc. Sec.*, No. C20-6176-MLP, 2021 WL 5356719, at *5 (W.D. Wash. Nov. 16, 2021). As the Commissioner did not raise this waiver issue, however, the Court will address the constitutional argument on its merits.

[6] This is one of several constitutional issues that has been percolating within the administrative law realm in recent years, adding importance to being clear as to what Plaintiff is *not* arguing. Most significantly, Plaintiff "concedes that the ALJ was properly appointed by then-Acting Commissioner Berryhill." Docket No. 25 at 4. As such, this case does not involve an appointments challenge like those raised in *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018) or *Carr v. Saul*, 141 S.Ct. 1352 (2021). This distinction is of particular importance because an appointment violation is remedied with a new hearing before a properly appointed official. *Lucia*, 138 S.Ct. at 2055. For the reasons discussed below, relief is not provided as a matter of course with respect to the "tenure" issue that Plaintiff is relying upon in this case. *See Collins v. Yellen*, ___ U.S. ___, 141 S.Ct. 1761, 1788 (2021) (distinguishing *Lucia*).

[7] In supplemental briefing, the Commissioner concedes that Plaintiff has standing to bring her constitutional challenge. Docket No. 31 at 2. The Court agrees that Plaintiff has standing. *Cf. Collins*, 141 S.Ct. at 1779. Of course, whether standing exists and whether Plaintiff will be entitled to relief are distinct issues. *Id.* at 1788 n.24.

A.     CONSTITUTIONAL VIOLATION

The Social Security Independence and Program Improvements Act of 1994 provides that the Social Security Administration is a component within the United States Department of Health and Human Services that will act as an "independent agency in the executive branch of the Government." 42 U.S.C. § 901(a). The Act provides further that the Commissioner is "appointed for a term of 6 years" and "may be removed from office only pursuant to a finding by the President of neglect of duty or malfeasance in office." 42 U.S.C. § 902(a)(3). The Supreme Court has held in other contexts that similar tenure protections violate separation of powers principles and, consequently, are unconstitutional. *See Collins*, 141 S.Ct. at 1783-87 (holding that the tenure protection at the Federal Housing Finance Agency is unconstitutional); *see also Seila Law LLC v. Consumer Fin. Prot. Bureau*, ___ U.S. ____, 140 S.Ct. 2183, 2197-2207 (2020) (same for Consumer Financial Protection Bureau). The current Commissioner concedes that the tenure protection specific to the Social Security Administration is likewise unconstitutional, *see* Docket No. 23 at 5; *see also Constitutionality of the Commissioner of Social Security's Tenure Protection*, 2021 WL 2981542 (O.L.C. July 8, 2021), and other courts have reached the same conclusion, *see, e.g.*, *Lisa Y. v. Comm'r of Soc. Sec.*, ___ F. Supp. 3d ____, 2021 WL 5177363, at *5 (W.D. Wash. Nov. 8, 2021).

B.     ENTITLEMENT TO RELIEF

That the protected tenure provision violates constitutional separation-of-powers principles does not end the analysis, however. In addition to determining that a protected tenure position is constitutionally defective, the Supreme Court made clear that such a provision is severable from the other governing statutes for the agency. *Seila Law*, 140 S.Ct. at 2209, 2245.[8] That a party was somehow impacted by an action or decision of an agency that suffers from this type of "tenure" violation does not mean that the action or decision was void or that the party is entitled to judicial relief. *See Collins*, 141 S.Ct. at 1788. To create an entitlement to relief, the claimant must show

---

[8] Although the Supreme Court has not specifically addressed severability in the Social Security context, other courts have determined that the pertinent removal clause is similarly severable. *Shaun A. v. Comm'r of Soc. Sec.*, No. C21-5003-SKV, 2021 WL 5446878, at *4 (W.D. Wash. Nov. 22, 2021) ("if the removal clause in § 902(a)(3) is stricken, the SSA remains fully functional"). The Court agrees.

8

1 that the "unconstitutional provision [] inflict[ed] compensable harm." *Id.* at 1788. Hence, the aggrieved party must establish a "link" between the adverse action and the unconstitutional tenure-protection provision. *Decker Coal Co. v. Pehringer*, 8 F.4th 1123, 1138 (9th Cir. 2021); *see also Collins*, 141 S.Ct. at 1788-89 (providing example of infliction of compensable harm).

Social Security claimants appealing a denial of benefits face an uphill battle in trying to establish the necessary link to obtain relief based on the unconstitutional removal provision. As explained by Justice Kagan, this constitutional violation is unlikely to lead to relief in the lion's share of social security appeals because, "[w]hen an agency decision would not capture a President's attention, his removal authority could not make a difference." *Collins*, 141 S.Ct. at 1802 (Kagan, J. concurring). The nature of appellate review in the social security context provides a further hurdle for claimants raising this argument:

> Even assuming § 902(a)(3)'s removal clause prevented former President Trump from removing Commissioner Saul and confirming a different Commissioner, there is no possibility § 902(a)(3) harmed plaintiff, because the final decision of the Commissioner that is before this Court for review is the ALJ's decision.... [T]he Court has reviewed the record and the ALJ's decision at issue and concludes that the ALJ did not err, and that the case should be affirmed for these reasons. Had the Court found otherwise and determined that the ALJ's decision was not supported by substantial evidence or free of legal error, the Court would have reversed the Commissioner's final decision. Hence, the Court reaches its decision to reverse or affirm the Commissioner's final decision notwithstanding the existence of § 902(a)(3)'s removal clause, who the Commissioner was at the time the decision became final, or what directives the Commissioner may have given the ALJ. The Court thus concludes that there is no possibility § 902(a)(3)'s removal clause harmed plaintiff in this case.

*Sarah H. v. Comm'r of Soc. Sec.*, No. 3:21-cv-05149-JRC, 2021 WL 5770269, at *5 (W.D. Wash. Dec. 6, 2021); *see also Brinkman v. Kijakazi*, No. 2:21-cv-00528-EJY, 2021 WL 4462897, at *2 (D. Nev. Sept. 29, 2021) ("Plaintiff has not shown that whether the President could remove the SSA Commissioner without limitations . . . impacted the independence of the ALJ or his decision in Plaintiff's case. It is well settled that the ALJ must exercise his independent judgment on the evidence before him" (internal quotations and citations omitted)). As Justice Kagan predicted in her concurrence, relief is routinely denied to social security appellants raising this argument within the Ninth Circuit. *See, e.g.*, *Sarah H.*, 2021 WL 5770269, at *5; *Frank W. v. Kijakazi*, No.

9

20cv1439-KSC, 2021 WL 5505883, at *4 (S.D. Cal. Nov. 24, 2021); *Rivera-Herrera v. Kijakazi*, No. 1:20-cv-01326-GSA, 2021 WL 5450230, at *7-8 (E.D. Cal. Nov. 22, 2021); *Shaun A.*, 2021 WL 5446878, at *5; *Shannon R. v. Comm'r of Soc. Sec.*, No. C21-5173-MLP, 2021 WL 5371394, at *9 (W.D. Wash. Nov. 18, 2021); *John R.*, 2021 WL 5356719, at *8; *Lisa Y.*, 2021 WL 5177363, at *6-8; *Amanda B. v. Comm'r, Soc. Sec. Admin.*, No. 3:20-cv-00434-BR, 2021 WL 4993944, at *9 (D. Or. Oct. 26, 2021); *Jesus V.O. v. Kijakazi*, No. 2:20-cv-05536 (VEB), 2021 WL 550528, at *6 (C.D. Cal. Oct. 18, 2021); *Jon E.C. v. Kijakazi*, No. EDCV 20-01257 PVC, 2021 U.S. Dist. Lexis 197598, at *1 n.3 (C.D. Cal. Oct. 13, 2021); *Brinkman*, 2021 WL 4462897, at *2; *Robles v. Comm'r of Soc. Sec.*, No. 2:20-cv-01069-JDP (SS), 2021 WL 4285170, at *4 n.6 (E.D. Cal. Sept. 21, 2021).

Justice Kagan proved prescient for purposes of this case, too. Plaintiff has not identified any link between the ALJ's adverse decision and the unconstitutional removal provision. Plaintiff instead conflates the Supreme Court's jurisprudence as to unconstitutional tenure protection with its jurisprudence as to unconstitutional appointments. *See* Docket No. 22 at 9 (citing *Lucia*, 138 S.Ct. at 2055). The Supreme Court has made clear that the mere existence of unconstitutional tenure protection is not grounds for relief and, in so doing, explicitly distinguished the case law on which Plaintiff now relies for her contrary position. *Collins*, 141 S.Ct. at 1788 (distinguishing *Lucia*). Moreover, Plaintiff has not put forward any showing at all that former President Trump would have removed Commissioner Saul and appointed a new Commissioner who would have administered this Plaintiff's claims any differently. *See Sarah H.*, 2021 WL 5770269, at *5.

For the first time in reply, Plaintiff switches gears to argue that the necessary link for relief was provided by *President Biden's* actions and statements in removing Commissioner Saul. Docket No. 25 at 7-8. Courts do not generally consider arguments made for the first time in reply. *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996). In this case, Plaintiff's opening motion explicitly recognizes the requirement to show compensable harm in order to obtain relief, Docket No. 22 at 9, but it did not develop this line of argument vis-à-vis President Biden. The Court concludes that Plaintiff waived these arguments by presenting them for the first time in reply.

Even were the Court to consider the arguments on their merits, however, they are not persuasive. Plaintiff first argues that President Biden's delay in firing Commissioner Saul reveals that he did not initially believe that he had the authority to do so and may have done so earlier but for the existence of the tenure protection. *See* Docket No. 25 at 6-7. An obvious shortcoming in focusing on President Biden's firing of Commissioner Saul is that the proceedings below were completed before President Biden was sworn into office. *See* A.R. 1-6 (Appeals Council decision of October 20, 2020). Indeed, Plaintiff's claim was already on appeal in this Court by that time. *See* Docket No. 1 (complaint filed December 8, 2020). There is no nexus between any action by President Biden in removing Commissioner Saul in 2021 and Plaintiff's earlier denial of benefits in 2020.

Plaintiff next argues that President Biden's articulated reasons for terminating Commissioner Saul show an infliction of compensable harm. Docket No. 25 at 7-8. In particular, Plaintiff cites to President Biden's statement that Commissioner Saul had undermined and politicized Social Security disability benefits, reduced due process protections for benefits appeals hearings, and had taken other actions contrary to the mission of the agency. Docket No. 25 at 7. Without elaboration, Plaintiff then claims that "[t]here is a strong possibility that Brand was among those who were wrongfully deprived of their due process rights through Mr. Saul's politicization and undermining of disability benefits during his tenure." *Id.* at 8. Plaintiff's position fails from the start because she has not shown that Commissioner Saul's *protected tenure status* impacted in any way the resolution of Plaintiff's claim before President Biden took office. Indeed, this argument does not even present a separation-of-powers issue, but rather is effectively presented as a due process claim. *See Sarah H.*, 2021 WL 5770269, at *5. A due process violation was not alleged in the complaint nor was it raised in any manner at all in Plaintiff's opening brief,[9] so such an argument has been waived. *See, e.g.*, *Bazuaye*, 79 F.3d at 120; *John R.*, 2021 WL 5356719, at *5. Moreover and significantly, Plaintiff has not meaningfully explained how vague presidential statements of due process limitations could lead to Plaintiff obtaining relief in this case. Contrary

---

[9] The irony is not lost on the Court that Plaintiff argues a due process violation for the first time in a reply to which the Commissioner does not have an opportunity to respond.

11

to Plaintiff's *ipse dixit* of a "strong possibility" of harm, her reliance on President Biden's statement of reduced due process protections is too conclusory, speculative, and attenuated to warrant relief. *See, e.g.*, *Sarah H.*, 2021 WL 5770269, at *5; *Rivera-Herrera*, 2021 WL 5450230, at *8; *Lisa Y.*, 2021 WL 5177363, at *7.

Accordingly, Plaintiff has not shown an entitlement to relief arising out of the unconstitutionality of the Social Security Commissioner's tenure-protection provision.

**IV. CONCLUSION**

Based on the forgoing, the Court **DENIES** the motion for reversal or remand (Docket No. 22) and **GRANTS** the countermotion to affirm (Docket No. 23). The decision below is **AFFIRMED**. The Clerk's Office is instructed to **ENTER FINAL JUDGMENT** accordingly and to **CLOSE** this case.

IT IS SO ORDERED.

Dated: December 10, 2021

_____
Nancy J. Koppe
United States Magistrate Judge